**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

CARRIE GUEDEA,

                            Plaintiff,

    v.

RENO-TAHOE AIRPORT AUTHORITY, and GRAHAM RITZ, in his individual capacity, and DOES I-X,

                            Defendants.

Case No. 3:25-CV-00680-MMD-CLB

**ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY**

[ECF No. 24]

Currently pending before the Court is Defendants Reno-Tahoe Airport Authority and Graham Ritz's (collectively referred to as "Defendants") motion to stay discovery pending resolution of their motion to dismiss. (ECF No. 24.) For the reasons discussed below, the motion is denied.

**I.    BACKGROUND**

Plaintiff Carrie Guedea ("Gudea") initiated this suit with a complaint raising seven claims related to alleged disability discrimination and one claim for intentional infliction of emotional distress. (ECF No. 2 at 12-20.) Defendants timely moved to dismiss Guedea's complaint for failing to state a claim. (ECF No. 8.) Around the same time, Defendants also moved to stay discovery pending resolution of their motion to dismiss. (ECF No. 10.) In lieu of responding to Defendant's motions, Guedea filed a First Amended Complaint ("FAC"). (ECF No. 16.) Accordingly, the district judge denied both of Defendants' motions as moot. (ECF No. 17.) The following month, Defendants filed a second motion to dismiss asserting Guedea's FAC failed to state a claim, (ECF No. 22), and again moved to stay discovery pending resolution of that motion, (ECF No. 24).[1]

---

[1]    On April 22, the parties informed Judge Denney that they decided not to provide their initial disclosures as required because of the instant motion being filed. This is improper. "The filing of a motion to dismiss <u>does not</u> mandate a stay of discovery." *Flynn*

**II.    DISCUSSION**

Courts have broad discretionary power to control discovery, including the decision to allow or deny discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). To determine if a stay of discovery is appropriate pending the ruling on a motion to dismiss, courts in this district consider the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and (3) whether, after a "preliminary peek" at the merits of the underlying motion, the court is "convinced" that the potentially dispositive motion will be granted. *Flynn v. Nevada*, 345 F.R.D 338, 345 (D. Nev. 2024); *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2]

The "preliminary peek" does not prejudge the outcome of the underlying motion; it merely evaluates whether an order staying discovery is warranted. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). Moreover, when applying these factors, courts must keep in mind the goal of Federal Rule of Civil Procedure 1 — that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Here, the parties agree Defendants' motion to dismiss is potentially dispositive of the case, (ECF Nos. 24 at 3; 27 at 3), but disagree about the other two *Kor* factors. The Court will therefore limit its analysis to those two factors.

///

---

*v. Nevada*, 345 F.R.D. 338, 343 n. 6 (D. Nev. 2024) (collecting cases) (emphasis added). Only an order from the Court stays discovery, and without such an order, the parties are not permitted to exempt themselves from complying with this Court's Local Rules and the Federal Rules of Civil Procedure.

[2]    Guedea's opposition does not address this standard, despite the fact Defendants' motion properly does. Instead, Guedea erroneously relies on the "good cause" approach used by a minority of judges in this District when deciding whether staying discovery is appropriate. However, the Court has explicitly rejected that approach, and instead "follows the majority approach within the district when adjudicating motions to stay discovery — *i.e.*, the preliminary peek framework outlined in *Kor Media*." *Rosales v. Jerritt Canyon Gold LLC*, 2025 WL 2096882, at *1 n.1 (D. Nev. July 24, 2025). Thus, the Court will not address Guedea's good cause arguments.

Beginning with the second *Kor* factor, the Court finds Defendants' motion to dismiss can be decided without additional discovery. Although Guedea argues additional discovery is necessary so she can "reinforce [her] claims," that argument misses the mark. (ECF No. 27 at 3.) Guedea will undoubtedly need additional discovery to support her claims assuming they survive Defendants' motion to dismiss. However, the question at this stage is whether Guedea needs additional discovery to properly state a claim, which she implicitly acknowledges she does not. Guedea unequivocally states she "met her burden to plead her claims to a sufficient level," (*id.* at 4), which contravenes her argument she needs additional discovery.[3] Additionally, Guedea has already filed her opposition to Defendants' motion (making no mention of any need for additional discovery), (ECF No. 25), so it is unclear how additional discovery is needed. Accordingly, the Court finds this factor weighs in favor of staying discovery.

Turning to the third *Kor* factor, the Court has conducted a "preliminary peek" of Defendants' motion to dismiss and, although the Court believes it may be granted, the Court is not convinced it will be granted <u>without leave to amend</u>. Leave to amend should be freely given, Fed. R. Civ. P. 15(a)(2), and only denied when "amendment would be futile," *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010)). Thus, although the district judge "may" grant the motion to dismiss with prejudice, as Defendants suggest, (ECF No. 24 at 2), the Court is firmly convinced that such a result is unlikely. This factor therefore weighs in favor of permitting discovery to proceed. *Verify Smart Corp. v. Scammell*, 2025 WL 2347728, at *2 (D. Nev. July 24, 2025) (denying motion to stay discovery because the Court was "fairly convinced" plaintiff would be given leave to

---

[3]    In any event, plaintiffs are not entitled to discovery to develop the necessary factual allegations to state a claim. *See Keates v. Koile*, 883 F.3d 1228, 1243 n. 3 (9th Cir. 2018) (rejecting plaintiff's argument "she should be excused from making the necessary factual allegations because she was not in a position to know all relevant factual details"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (noting Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

amend).

## III.    CONCLUSION

Because the Court is fairly convinced Guedea will be given leave to amend, at least as to some of her claims, the Court finds a stay of discovery is inappropriate. Proceeding with discovery pending resolution of Defendants' motion to dismiss will therefore further the just and speedy determination of this case. *See* Fed. R. Civ. P. 1.

**IT IS THEREFORE ORDERED** that Defendants' motion to stay discovery, (ECF No. 24), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall submit a joint proposed discovery plan and scheduling order on or before **Friday, May 8, 2026**.

**DATED**: April 27, 2026        .

_____
**UNITED STATES MAGISTRATE JUDGE**